UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GLORIA DIANNE HALL,

    Plaintiff,

v.                                                                           Case No: 6:16-cv-735-Orl-40TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to the Social Security Act (the "Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claim for Disability Insurance Benefits ("DIB") under the Act. Upon review of the record, and for the reasons that follow, I respectfully recommend that the Commissioner's final decision in this case be **AFFIRMED**, pursuant to sentence four of 42 U.S.C. § 405(g).

### Background

Plaintiff filed her application on August 6, 2012, alleging disability commencing on August 6, 2011, due to osteoporosis, cervical spondylosis, allergic rhinitis, cholesterol, lumbar spondylosis, and IBS (Tr. 129-133, 154, 159). Her application was denied initially and on reconsideration (Tr. 60-64, 71-75), and Plaintiff requested and received an administrative hearing before an administrative law judge (the "ALJ") (Tr.25-40, 77-78). On November 14, 2014, the ALJ found Plaintiff was not disabled and issued her an unfavorable decision (Tr. 10-24). Plaintiff filed a Request for Review of the ALJ's decision (Tr. 6) and the Appeals Council denied the request on March 25, 2016 (Tr. 1-4).

Accordingly, the ALJ's November 2014 decision was the final decision of the Commissioner, and Plaintiff timely filed this action for judicial review (Doc. 1). Plaintiff has exhausted the available administrative remedies, and this case is properly before this Court.

### The ALJ's Decision

When determining whether an individual is disabled, the ALJ must follow the five-step sequential evaluation process established by the Social Security Administration and set forth in 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4). Specifically, the ALJ must determine whether the claimant (1) is currently employed; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals an impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. See Phillips v. Barnhart, 357 F.3d 1232, 1237-1240 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987); Phillips, 357 F.3d at 1241 n.10.

Here, the ALJ performed the required five-step sequential analysis. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 6, 2011, her alleged onset date (Tr. 15). At step two, the ALJ determined that Plaintiff had the severe impairments of disorders of the spine, fibromyalgia and hypertension (20 CFR 404.1520(c)) (Tr. 15). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. Next, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to:

> lift and/or carry up to 20 pounds occasionally and 10 pounds frequently. She can stand and/or walk for a total of about 6 hours in an 8-hour workday and sit for a total of about 6 hours in an 8-hour workday. She is further limited to no more than occasional climbing of ramps or stairs, balancing, stooping, kneeling, crouching or crawling. She can also occasionally climb ladders, ropes and scaffolds. She must avoid concentrated exposure to hazards such as machinery, heights, etc.

(Tr. 16). At step four, the ALJ relied in part on the testimony of a vocational expert and determined that Plaintiff was capable of performing past relevant work as an office manager or an office assistant, as this work did not require the performance of work-related activities precluded by Plaintiff's RFC assessment (20 CFR 404.1565) (Tr. 19). Based on this finding at step four, the ALJ concluded that Plaintiff had not been under a disability, as defined in the Act, from August 6, 2011, through the date of the decision (Tr. 20).

## Standard of Review

The scope of this Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's findings are supported by substantial evidence. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla but less than a preponderance. It is such relevant evidence that a reasonable person would accept as adequate to support a conclusion." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted).

When the Commissioner's decision is supported by substantial evidence the district court will affirm even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against

the Commissioner's decision. Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). The district court "may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" Id. "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam); accord Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (the court must scrutinize the entire record to determine the reasonableness of the factual findings).

## Discussion

Plaintiff objects to the ALJ's evaluation of the opinion of her treating physician, Dr. Michael Kohen. Plaintiff also objects to the ALJ's findings concerning her credibility.

### Evaluating Medical Opinions

The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. Winschel , 631 F.3d at 1178–79 (citing 20 CRF §§ 404.1527(a)(2), 416.927(a)(2); Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987).) When evaluating a physician's opinion, an ALJ considers numerous factors, including whether the physician examined the claimant, whether the physician treated the claimant, the evidence the physician presents to support his or her opinion, whether the physician's opinion is consistent with the record as a whole, and the physician's specialty. See 20 C.F.R. §§ 404.1527(c), 416.927(c).

Substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician *unless there is good cause to do otherwise*. See Lewis v. Callahan, 125 F.3d 1436 (11th Cir. 1997); Edwards v. Sullivan, 937 F.2d 580, 583 (11th Cir. 1991); 20 C.F.R. § 404.1527(d). Good cause for disregarding an opinion can exist when: (1) the opinion is not bolstered by the evidence; (2) the evidence supports a contrary finding; or (3) the opinion is conclusory or is inconsistent with the source's own treatment notes. Lewis, 125 F.3d at 1440. By contrast, a consultative examiner's opinion is not entitled to the deference normally given a treating source. See 20 C.F.R. § 404.1527(c)(2); Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1161 (11th Cir. 2004). Nonetheless, all opinions, including those of non-treating state agency or other program examiners or consultants, are to be considered and evaluated by the ALJ. See 20 C.F.R. §§ 404.1527, 416.927, and Winschel.

On July 20, 2011, Plaintiff presented to Michael Kohen, M.D., for a follow-up appointment for her joint pain (Tr. 308). Plaintiff reported that her hands ached all of the time and they sometimes swelled up (Id.). She also reported experiencing stiffness, fatigue, sleep difficulties, night sweats, and the inability to stay in one position due to her pain (Id.). Dr. Kohen noted that it had "been a long time" since Plaintiff had "been checked" (Tr. 308). Physical examination revealed evidence of tenderness in Plaintiff's left forearm, right forearm, left leg, and right leg (Tr. 309). Dr. Kohen noted reduced muscle strength of 3/5 in her bilateral shoulder abductors, bilateral finger flexors, bilateral quadriceps, and bilateral gluteal muscles (Id.). Dr. Kohen observed that Plaintiff displayed normal gait and station, normal heel-toe and tandem walking, good coordination, a full range of motion, normal muscle tone, and normal 5/5 muscle strength in all other groups (Tr. 308-10). His impressions included degenerative joint disease, fibromyalgia, cervical

spondylosis, lumbar spondylosis, allergic rhinitis, and senile osteoporosis (Id.). Dr. Kohen recommended Plaintiff return for a follow-up examination in one year (Tr. 309).

On January 2, 2012, Dr. Kohen completed a Medical Source Statement of Ability to Do Work-Related Activities (Physical) form (the "Medical Source Statement") (Tr. 276), checking several boxes to indicate that Plaintiff was limited to less than sedentary work. The ALJ reviewed the Medical Source Statement and found:

> Dr. Kohen indicated that the claimant was limited to less than two hours of standing or walking in a two-hour day and had to periodically alternate sitting and standing. He also indicated that she was completely unable to perform any balancing, kneeling, crouching or crawling due to pain or weakness and limited manipulative activities due to numbness and tingling in her hands (Exhibit B2F).
>
> I gave Dr. Kohen's opinion little weight. Social Security Ruling 96-2p (SSR 96-2p) provides the rule to apply in giving weight to a treating source medical opinion. To give controlling weight to a medical opinion from a treating source that must be adopted by me, the opinion must be from a "treating source"; be a "medical opinion"; be "well-supported" by medically acceptable clinical and laboratory diagnostic techniques and must be "not inconsistent" with the other "substantial evidence" in the record. In this case, Dr. Kohen's limitations are excessive in light of the CT findings and his own physical exam findings as well as the overall intensity of treatment outlined in the record, which has been conservative in nature. As a result, it is not entitled to controlling weight.

(Tr. 18-19).

As a threshold matter, the Medical Source Statement is a form on which Dr. Kohen responded to questions by checking boxes (Tr. 276). "Form reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best." Mason v. Shalala, 994 F.2d 1058, 1065 (3rd Cir. 1993). And, where Dr. Kohen did add information, his statements are uninformative and conclusory (Tr. 277-78).

Plaintiff contends that the ALJ failed to apply the correct legal standards to Dr.

- 6 -

Kohen's opinion, expressed in the Medical Source Statement, and that the ALJ's findings are not supported by substantial evidence, in that: (1) the CT scan was taken of Plaintiff's abdomen and pelvis; (2) the ALJ's finding that the limitations were excessive in light of Dr. Kohen's physical exam findings is impermissibly conclusory; and (3) fibromyalgia treatment is always conservative in nature.

As stated above, good cause for disregarding a medical opinion can exist when: (1) the opinion is not bolstered by the evidence; (2) the evidence supports a contrary finding; or (3) the opinion is conclusory or is inconsistent with the source's own treatment notes. Lewis, 125 F.3d at 1440. Here, the ALJ found the statements in the Medical Source Statement to be inconsistent with Dr. Kohen's own exam findings and the other medical evidence and treatment of record. Thus, the ALJ followed the appropriate standard.

I also find that the ALJ's conclusion is supported by substantial record evidence. Prior to issuing his January 2, 2012 opinion, Dr. Kohen last conducted an examination of Plaintiff in July 2011, at which time he observed that it had been "a long time since [Plaintiff] had been checked." (Tr. 276-78, 308-10). The only examination note from Dr. Kohen in the relevant time period prior to issuance of the Medical Source Statement is the July 2011 note which, as observed by the ALJ, does not reflect the significant limitations set forth in Dr. Kohen's January opinion. So, it does not appear that Dr. Kohen had a longitudinal understanding of Plaintiff's condition when he completed the Medical Source Statement. For these reasons, the ALJ's determination that the limitations found in the Medical Source Statement were excessive in light of Dr. Kohen's physical exam findings is not "conclusory."

The "overall intensity of treatment outlined in the record" and discussed by the ALJ

in her decision also supports the ALJ's finding that the limitations imposed by Dr. Kohen were excessive. As the ALJ noted, the results of Plaintiff's October 3, 2012 CT scan, performed after she presented to the emergency room complaining of severe back pain, were unremarkable (Tr. 17-18, 299-300, 304-05).[1] Though January 2013 MRIs revealed some spondylosis, stenosis, and degenerative disc disease, all findings were described as mild to moderate in nature (Tr. 17-18, 315-18). X-rays of Plaintiff's lumbar spine were unremarkable, except for mild anterior lipping, and x-rays of Plaintiff's left shoulder were negative (Tr. 19, 293). The ALJ discussed treatment notes, including notes from a July 3, 2014 examination, where Plaintiff reported she felt well and rated her average pain as only a 3 out of 10, and indicated that her maximum pain experienced was a 6 out of 10 (Tr. 18, 384).[2] The ALJ observed that treatment "has been essentially routine and/or conservative in nature" (Tr. 17) and this, too, is amply supported. Treatment consisted of follow-up examinations on a one-year to three-month basis, anti-inflammatory medication, and a few physical therapy sessions for her shoulder, with no recommendation for surgery or more aggressive pain management interventions (Tr. 17, 180, 291, 307, 309, 313, 326, 330).[3] The ALJ also noted the results of a consultative medical evaluation performed by James Shoemaker in September 2012, revealing Plaintiff had 5/5 grip

---

[1] The implication that the CT is irrelevant as it was a CT of Plaintiff's abdomen and pelvis, and not her back, is rejected. Plaintiff is correct that the CT report states "INDICATIONS: 52 year-old female with bilateral flank pain." (Tr. 304). But, Plaintiff presented to the emergency room complaining of severe back pain (R. 299), and the CT apparently ruled out that the back pain was due to any internal disease or abnormality.

[2] At that examination, no abnormalities were noted, and Plaintiff had normal strength and tone in all extremities and a normal gait (Tr. 18, 387).

[3] Plaintiff is correct in her observation that fibromyalgia symptoms are subjective and treatment for fibromyalgia is generally conservative. The Eleventh Circuit has observed that fibromyalgia "often lacks medical or laboratory signs, and is generally diagnosed mostly on an individual's described symptoms," and that the "hallmark" of fibromyalgia is therefore "a lack of objective evidence." Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir.2005) (per curiam); Somogy v. Comm'r of Soc. Sec., 366 F. App'x 56, 63 (11th Cir. 2010). A mere diagnosis, however, is not sufficient to establish a disabling impairment. Here, the ALJ acknowledged Plaintiff's diagnosis of fibromyalgia at step two, but formulated her RFC on evidence which contradicted any disabling limitations arising from the impairment.

strength, normal motor functioning, a full range of motion throughout all extremities, negative straight leg raise testing, intact sensation, normal gait without an assistive device, and no difficulty opening doors, buttoning her clothes, or writing (Tr. 19, 291-96). Based on this evidence, I find no error in the ALJ's evaluation of the opinion of Dr. Kohen expressed in the Medical Source Statement.

Credibility

A claimant may seek to establish that she has a disability through her own testimony regarding pain or other subjective symptoms. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). "In such a case, the claimant must show: (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." Id. Where an ALJ decides not to credit a claimant's testimony about pain or limitations, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. Jones v. Dep't of Health and Human Servs., 941 F.2d 1529, 1532 (11th Cir. 1991) (articulated reasons must be based on substantial evidence). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. Foote, 67 F.3d at 1562.

Here, the ALJ considered Plaintiff's subjective allegations of limitations and found her medically determinable impairments could reasonably be expected to cause the alleged symptoms; "however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." (Tr. 17). In support of this finding, the ALJ noted that

"the contemporaneous medical records do not corroborate the onset date." (Id.). The ALJ also noted that Plaintiff stopped working for unrelated reasons as she was laid off in 2010, and collected unemployment compensation. (Id.). The ALJ also noted that Plaintiff was unsure when her unemployment compensation stopped, but she told a treating source that it ran out in January 2012. Additionally, the ALJ cited Plaintiff's essentially routine and/or conservative treatment (Id.). Plaintiff claims these reasons are not supported by substantial evidence or are otherwise insufficient to sustain the credibility finding. Again, I do not agree.

Plaintiff challenges the ALJ's finding that her medical records do not corroborate her onset date, arguing that, although the ALJ found that Plaintiff started treating with Dr. Kohen in July 2010,[4] she testified at her hearing that Dr. Kohen diagnosed her with fibromyalgia in 1999 (Tr. 33). This distinction is of no moment. The ALJ considered Plaintiff's testimony regarding this diagnosis (Tr. 16), but observed that Plaintiff continued to work until 2010, when she left employment because she was laid off. Plaintiff then collected unemployment compensation until 2012 (Id.). Plaintiff cites to no medical evidence supporting her onset date.

Nor am I persuaded that the ALJ was wrong in considering Plaintiff's receipt of unemployment benefits. See 20 C.F.R. § 404.1529(c)(3)(vii) (an ALJ properly considers "other factors" in evaluating a claimant's reports of subjective symptoms). The ALJ considered the entire record and receipt of those benefits was only one of many factors considered.

Finally, the ALJ was entitled to rely on the inconsistency between Plaintiff's

---

[4] The Court agrees with the Commissioner that the ALJ's reference to July 2010 appears to be a typographical error. The first visit in this record occurred in July 2011.

allegations of disabling limitations and the routine and conservative course of her treatment. See 20 C.F.R. § 404.1529(c)(3)(iv)-(v) (ALJ properly considers medication taken and treatment received by a claimant). The only record presented prior to the alleged onset is Dr. Kohen's July 2011 note, which observed that it had been a "long time" since Plaintiff presented for treatment, and set a follow up visit for one year later (Tr. 308-09). While the treatment record as a whole presents some abnormalities, the ALJ's conclusion that Plaintiff's treatment was routine is amply supported. "The question is not ... whether the ALJ could have reasonably credited [the claimant's] testimony, but whether the ALJ was clearly wrong to discredit it." Werner v. Comm'r, of Soc. Sec., 421 F. App'x 935, 939 (11th Cir. 2011). On this record, I find no error.

### Recommendation

Upon consideration of the foregoing, I respectfully recommend that:

1. The Commissioner's final decision in this case be **AFFIRMED.**
2. The Clerk be directed to enter judgment accordingly and **CLOSE** the file.

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on February 13, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record